UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                                                          **DECISION AND ORDER**
v.                                                         24-CR-41-A

PAUL RASLWASKY,

                          Defendant.

─────────────────────────────────

      This case was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

      During the course of pretrial motions, Magistrate Judge McCarthy issued a Report and Recommendation (Dkt. No. 78) in which he recommended that the Indictment be dismissed as insufficient without prejudice on the ground that it failed properly to allege a violation of 18 U.S.C. §922(g)(3). *Id*.   Following the issuance of that Report and Recommendation, the parties requested that any Objections to it be held in abeyance pending a possible plea disposition.

      On February 2, 2026, this Court issued an order of referring the case to Magistrate Judge McCarthy for the purpose of taking a guilty plea. (Dkt. No. 86). Thereafter, Defendant Paul Raslawsky, with his attorney, appeared before Magistrate Judge McCarthy for purposes of a change-of-plea proceeding.  A written plea agreement was executed and filed (Dkt. No. 87), which indicated, at Paragraph 1, that parties agreed that Defendant would "plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 9229g)(3) (unlawful user of

a controlled substance in possession of ammunition)." *Id.*, ¶1. During the course of the plea proceeding before Magistrate Judge McCarthy, however, Judge McCarthy specifically indicated that he would <u>not</u> accept a plea to Count 2 of the Indictment as provided for in Paragraph 1 of the parties' written plea agreement. (Dkt. No. 90, p.8). In that regard, Magistrate Judge McCarthy, referencing his prior Report and Recommendation, stated that "my view continues to be…that, as Count 2 currently reads, it does not state an offense for violation of Section 922(g)(3). However, as we'll get to in a couple of minutes, I believe the factual statement in the plea agreement is sufficient to sustain a violation —a conviction for violation of Section 922(g)(3)." (Dkt. No. 90, p.8).

After going through the terms and conditions of the written plea agreement, Judge McCarthy stated, "to be clear, the plea I'm accepting is <u>not</u> a plea to Count 2 of the indictment. It is a plea to violation of Title 18, U.S. Code Section 922(g)(3)…because I think the elements set forth in the plea agreement to which he's agreed, and the facts set forth therein, are sufficient to sustain the conviction and, therefore, that plea." (*Id.*, p. 19).

Additionally, after summarizing various paragraphs of the parties' written plea agreement but before asking Defendant how he pled, Magistrate Judge McCarhty engaged in the following exchange with Defendant:

> THE COURT: Has anyone threatened you or pressured you, in any way, to plead guilty?
> THE DEFENDANT: Yes, Your Honor. (*Id.*, p. 12).

2

Notwithstanding the foregoing, Magistrate Judge McCarthy issued a Report and Recommendation (R&R) (Dkt. No. 89) confirming his oral findings that Defendant's plea of guilty was knowing, voluntary, and supported by a factual basis.

This Court, upon review of the parties' written plea agreement (Dkt. No. 87) and the transcript of the plea proceeding before Judge McCarthy (Dkt. No. 90) is unwilling to accept Defendant's plea of guilty on the record as it presently exists.

First, to the extent that there was no follow-up questioning regarding Defendant's suggestion that he was threatened and/or pressured into pleading guilty, it is difficult for this Court to assess whether his plea was truly knowing and voluntary.  Moreover, to the extent that the plea agreement contains numerous provisions, including appeal waivers as well as forfeiture and abandonment provisions, the enforceability of which are dependent upon the validity of the entire plea agreement itself, this Court is reluctant to adopt a Report and Recommendation that recommends, in essence, that the Court accept and adopt only certain provisions of the parties' written plea agreement.

In this Court's view, such practice would be contrary to the provisions of Rule 11. The plain language and clear mandate of Federal Rule of Criminal Procedure 11(c)(3) -- entitled "Judicial Consideration of a Plea Agreement" -- provides that, after the parties have disclosed (as they must under Rule 11(c)(2)) that they have reached a plea bargain agreement, a court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  At the same time, Rule 11(c)(1) expressly states that, "The court must not participate in these [plea] discussions."   Rule 11(c)(5) further provides that if a court rejects the plea agreement, the court must so inform the parties and give the defendant the opportunity to withdraw his plea if it has

already been entered. The Court herby informs the parties that it is rejecting the plea agreement.

While this Court does not, at this point, have occasion or reason to consider the correctness of Magistrate Judge McCarthy's prior Report and Recommendation regarding the sufficiency of the Indictment, this Court is of the view that if the parties want to enter a plea agreement the terms of which they may one day look to this Court to enforce, then they must present a plea agreement which contains provisions that are acceptable to the Court. In this instance, that might have easily been accomplished by crafting a plea agreement which, in Paragraph 1, required the Defendant to waive indictment and to plead guilty to a charging document, *i.e.*, a Superseding Information, that, in the view of the judicial officer before whom they were appearing, was sufficient to allege the crime to which Defendant was agreeing to plead guilty.

For the foregoing reasons, the Defendant's plea agreement and plea of guilty, together with Magistrate Judge McCarthy's Report and Recommendation urging this Court to accept the Defendant's plea of guilty are all rejected. The matter is remanded back to Magistrate Judge McCarthy for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

                                 _s/Richard J. Arcara_
                                 HONORABLE RICHARD J. ARCARA
                                 UNITED STATES DISTRICT COURT

Dated:  February 11, 2026
         Buffalo, New York